OPINION. LeMire, Judge-. The respondent determined in his notice of deficiency that: * * * the income realized for the years here in issue may not be ascribed primarily to the activities of your shareholders who are regularly engaged in the active conduct of your affairs, and that capital is a material income producing factor. Tour contention that the corporation is a personal service corporation is denied. The respondent states in his brief that he does not contend in this proceeding that capital was an income-producing factor, but does contend that the income may not be ascribed to the activities of petitioner’s 3 officer-stockholders, but must be ascribed in substantial part to the activities and services of petitioner’s employees, particularly to the 3 district supervisors and the 18 field men. The pertinent provisions of the statute are set out in the margin.[1] The Commissioner’s regulations (Regulations 112, sec. 35.725-2 (c)) provide: * * * If employees other than shareholders contribute substantially to. the services rendered by a corporation, such corporation is not a personal service corporation unless, in every case in which services are so rendered, the value of and the compensation charged for such services are to be attributed primarily to the experience or skill of the shareholders and such fact is evidenced in some definite manner in the normal course of the business or profession. * * * We have found as a fact, and the evidence, we think, permits of no contrary finding, that the district managers and field men, who were not shareholders of the petitioner, performed a substantial portion of the services for which petitioner received its income. There is no doubt that the officer-stockholders were capable and well qualified for their positions with the petitioner; that they were responsible for petitioner’s efficient organization; and that petitioner could not have functioned successfully without their services. That, however, does not meet the requirements of the statute. The same might be said of most successful corporate enterprises. The requirement of the statute, and the regulations, is that the income must be ascribable primarily to the activities of the shareholders. We said in Patterson-Andress Co., 6 B. T. A. 392, that: * * * this clause means more than that the stockholders shall obtain the clients and supervise the work, or that clients shall look to their experience; it means, among other things, that the corporation may not rely upon nonstock-holders to do a substantial amount of the work which produces the income whether such work be detailed or supervisory. * * * The evidence here is that the field men were relied upon to do, and did do, not just a substantial part, but the greater part, of the work which produced petitioner’s income. That work was the actual management of the farms. It required the constant personal attention of the field men and the application of their scientific training. These men were carefully selected not only for their special schooling, but for their character and their ability to accept individual responsibility. In the publication prepared by petitioner’s president, entitled “Successful Farming for Absentee-Owners,” which is attached to the written stipulation of facts, it is stated, following a description of the duties and qualifications of the field men, that “The success of our System is largely due to our selection of field men of this type.” In H. K. McCann Co., 14 B. T. A. 234, we said that: We have no doubt that there is a point beyond which the services of employees may not be used without creating an organization which overshadows its supervisors in producing income, or so materially assists that income can no longer be said to be produced primarily by those who originate the business and supervise its execution. Whether that point has been reached must be decided in each case upon the facts in such case. * * * The facts here, we think, go well beyond that point. One of the cases relied upon by the petitioner is H. Newton Whittelsey, Inc., 9 T. C. 700. The taxpayer there was a corporation engaged in naval architecture and marine engineering. It had an organization not unlike the petitioner’s, but with considerably more employees and a much larger pay roll. We found that “The contributions made by most of petitioner’s nonstockholder employees were minor in character.” That could by no means be said of the services performed by petitioner’s field men and district managers. Their services were vital and valuable to the petitioner. Nothing would be gained here by an attempt to review the numerous cases on this point. In one feature or another, the facts here might be said to resemble those in cases where personal service status has been granted, as well as cases where it has been denied. The question is one of fact that must be determined on the evidence in each case. The evidence in the instant case leaves no doubt in our minds that petitioner’s income for the taxable years was not attributable primarily to the activities of its shareholders. It follows that petitioner was not in those years a personal service corporation within the meaning of section 725. Decision will be entered for the respondent. SEC. 725. PERSONAL SERVICE CORPORATIONS. (a) Definition. — As used in this subehapter, the term “personal service corporation” means a corporation whose income is to be ascribed primarily to the activities of shareholders who are regularly engaged in the active conduct of the affairs of the corporation and are the owners at all times during the taxable year of at least 70 per centum in value of each class of stock of the corporation * * *.